# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Crim. No. 93-418-04(TFH) |
| vs. ) | |
| JOSE NARANJO, ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Defendant Jose Naranjo has filed a "Motion to Vacate Judgment for Lack of Subject Matter Jurisdiction: Petition for Relief under 28 U.S.C. § 2241; Alternative Petition for Writ of Error Coram Nobis; or Audita Querela or by Rule 60(b)." ECF No. [600] ("Motion to Vacate"). This Court finds it lacks jurisdiction to entertain defendant's motion and will now dismiss the motion.

In July of 1995, Naranjo was convicted of drug conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846 and sentenced to life in prison. The D.C. Circuit upheld his conviction and sentence on direct appeal. *United States v. Gaviria*, 116 F.3d 1498, 1530-35 (D.C. Cir.1997). In 1999, Naranjo filed a *pro se* motion for habeas corpus relief under 28 U.S.C. § 2255, asserting five claims for relief. ECF No. [489]. This Court denied the Naranjo's motion and subsequently denied his request for a certificate of appealability. ECF Nos. [526] and [532]. In 2001, the D.C. Circuit denied Naranjo's petition for a certificate of appealability and his motion for rehearing or to amend his petition to add another claim. *United States v. Naranjo*, 254 F.3d 311, 313 (D.C. Cir. 2001)

In August of 2013—more than eighteen years after his original sentence—Naranjo filed the instant petition seeking an order vacating his sentence and "immediate release from incarceration." Motion at 12. Defendant argues that he is entitled to this relief because this Court failed to rule on a pretrial motion filed on March 7, 1994. In the 1994 motion, defendant asked this Court to dismiss the

indictment based on alleged discrimination in selecting the jury pool, or alternatively for a stay of the proceedings. *see* Motion to Dismiss, ECF No. [76]. The now twenty-year-old record is unclear as to how exactly that motion was resolved. This Court did grant defendant's subsequent motion to extend the time for discovery. ECF No. [131]. In addition, the indictment challenged in the 1994 motion was later dismissed in favor of a superseding indictment. ECF No. [135]. Naranjo never renewed his motion to challenge the method of jury selection for the new indictment, nor did he raise the issue in his direct appeal, his first § 2255 petition, or his petition for rehearing.

Though defendant does not label it as such, this Court construes his motion as second § 2255 petition. *See United States v. Tchibassa*, 762 F. Supp. 2d 3, 7 (D.D.C. 2011) ("Regardless of how a pro se prisoner styles his motion, a court must review the motion based on its substance." (quoting *United States v. Akers*, 519 F.Supp.2d 94, 95 (D.D.C.2007))). The relief Defendant seeks is an order vacating his sentence and "immediate release from incarceration" based on alleged errors by the trial Court. Motion to Vacate at 12. "An attack on a prisoner's conviction or sentence is tantamount to a § 2255 motion." *United States v. Zaia*, 2014 WL 1273610 (D.D.C. Mar. 31, 2014) (quoting *Akers*, 519 F.Supp.2d at 96). Courts have found that it is appropriate to characterize claims under Rule 60(b) and the common law writs of *audita querela* and *coram nobis* as second or successive § 2255 motions when defendants challenge the validity of their conviction or sentence. *See United States v. Wilson*, 950 F.Supp.2d 90, 94 (D.D.C. 2013) (purported Rule 60(b) challenge characterized as successive § 2255 when defendant "present[s] a new claim for relief from the criminal judgment against him." (quoting *Nugent v. United States*, 255 Fed.Appx. 526 (D.C.Cir. 2007))); *Harris v. United States*, 522 F. Supp. 2d 199, 200 (D.D.C. 2007) (*audita querela* "may not be used to circumvent the limitations of filing § 2255 motions." (quoting *In re Norris*, 2002 WL 31496608, at *1 (D.C. Cir. Nov.8, 2002))); *Trenkler v. United States*, 536 F.3d 85, 98 (1st Cir. 2008) (*coram nobis* "may not be used to

circumvent the clear congressional directive embodied in the 'second or successive' provisions of § 2255." (citation omitted)).[1]

Once the district court has adjudicated a defendant's first § 2255 motion, it lacks jurisdiction to hear any "second or successive" § 2255 without certification by a panel of the relevant court of appeals. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Harris*, 522 F. Supp. 2d at 203 (finding the certification requirement is jurisdictional (citations omitted)). The Court may, "in the interest of justice" transfer Naranjo's motion to the D.C. Circuit for authorization to file a successive § 2255 motion. *See* 28 U.S.C. § 1631. However, the Court declines to do so in this case because Naranjo fails to meet the standards for certification. A petitioner seeking leave to file a successive § 2255 petition must show either (1) "new evidence . . . sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Defendant has shown neither.

Accordingly, the Motion to Vacate is denied. Defendant's motions for production of documents, ECF Nos. [598] and [599], are denied as moot. Defendant's Motion to Hear and Rule on Motion to Vacate Judgment for Lack of Subject Matter Jurisdiction [601] is denied as moot. An appropriate Order accompanies this opinion.

August 26, 2014

/s/ Thomas F. Hogan

Thomas F. Hogan
UNITED STATES DISTRICT JUDGE

---

[1] Naranjo cannot seek *habeas* relief under 28 U.S.C. § 2241 because he has not shown relief under § 2255 is "inadequate or ineffective." 8 U.S.C. § 2255(e); *see Hernandez-Pauturi v. Bureau of Prisons*, 221 F.3d 196 (D.C. Cir. 2000) ("The § 2255 remedy is not inadequate or ineffective simply because § 2255 relief has already been denied." (citation omitted)).