UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA )
) Crim. Action No. 93-418-04 (TFH)
vs. )
)
JOSE NARANJO, )
)
Defendant. )

## AMENDED MEMORANDUM OPINION[1]

Defendant Jose Naranjo has filed a "Motion to Vacate Judgment for Lack of Subject Matter Jurisdiction: Petition for Relief under 28 U.S.C. § 2241; Alternative Petition for Writ of Error Coram Nobis; or Audita Querela or by Rule 60(b)" [ECF No. 600] ("Mot. to Vacate"). Because this Court finds it lacks jurisdiction to entertain the defendant's motion, the motion will be dismissed.

In 1995, Naranjo was convicted of drug conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846 and sentenced to life in prison. *United States v. Gaviria*, 116 F.3d 1498, 1509 (D.C. Cir. 1997) (per curiam). The D.C. Circuit upheld his conviction and sentence on direct appeal. *Id.* at 1530-35. In 1999, Naranjo filed a *pro se* motion for habeas corpus relief under 28 U.S.C. § 2255, asserting five claims for relief. *See* Mot. to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 489]. This Court denied Naranjo's motion and subsequently denied his request for a certificate of appealability. *See* Order Denying Mot. to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 526]; Order Denying Mot. for Certificate of Appealability [ECF No. 532]. In 2001, the D.C. Circuit denied Naranjo's petition for a certificate of appealability

---

[1] This Memorandum Opinion was amended on October 24, 2014 to correct typographical and citation errors. The Order issued by the Court on August 26, 2014 [ECF No. 607] stands.

and his motion for rehearing or to amend his petition to add another claim. *United States v. Naranjo*, 254 F.3d 311, 313 (D.C. Cir. 2001) (per curiam).

In August of 2013—more than eighteen years after his original sentence—Naranjo filed the instant petition seeking an order vacating his sentence and immediately releasing him from incarceration. Mot. to Vacate 12. The defendant argues that he is entitled to this relief because this Court failed to rule on a pretrial motion filed on March 7, 1994. *Id.* at 3. In the 1994 motion, the defendant asked this Court to dismiss the indictment based on alleged discrimination in the selection of grand and petit jurors, or alternatively, for a stay of the proceedings. *See* Mot. to Dismiss [ECF No. 76]. The now twenty-year-old record is unclear as to how exactly that motion was resolved. This Court did grant the defendant's subsequent motion to extend the time for discovery. *See* Order [ECF No. 132]. In addition, the indictment challenged in the 1994 motion was later replaced by a superseding indictment. *See* Superseding Indictment [ECF No. 135]. Naranjo never renewed his motion to challenge the method of jury selection for the superseding indictment, nor did he raise the issue in his direct appeal, his first § 2255 petition, or his petition for rehearing.

Though the defendant does not label it as such, this Court construes his motion as a second § 2255 petition. *See United States v. Tchibassa*, 762 F. Supp. 2d 3, 7 (D.D.C. 2011) ("Regardless of how a pro se prisoner styles his motion, a court must review the motion based on its substance." (quoting *United States v. Akers*, 519 F. Supp. 2d 94, 95 (D.D.C. 2007))). The relief the defendant seeks is an order vacating his sentence and immediately releasing him from incarceration based on alleged errors by the trial court. Mot. to Vacate 12. "An attack on a prisoner's conviction or sentence is tantamount to a § 2255 motion." *United States v. Zaia*, Criminal No. 04-401 (RMC), 2014 WL 1273610, at *2 (D.D.C. Mar. 31, 2014) (quoting *Akers*, 519 F. Supp. 2d at 96). Courts have found that it is appropriate to characterize claims under Rule 60(b) and the common law writs of *audita querela* and *coram nobis* as second or successive § 2255 motions when defendants challenge the

validity of their conviction or sentence. *See United States v. Wilson*, 950 F. Supp. 2d 90, 94 (D.D.C. 2013) (purported Rule 60(b) challenge characterized as successive § 2255 petition when defendant "present[s] a new claim for relief from the criminal judgment against him" (quoting *Nugent v. United States*, 255 F. App'x 526 (D.C. Cir. 2007))); *Harris v. United States*, 522 F. Supp. 2d 199, 200 (D.D.C. 2007) (*audita querela* "may not be used to circumvent the limitations of filing § 2255 motions" (quoting *In re Norris*, No. 02-3076, 2002 WL 31496608, at *1 (D.C. Cir. Nov. 8, 2002))); *Trenkler v. United States*, 536 F.3d 85, 98 (1st Cir. 2008) (*coram nobis* "may not be used to circumvent the clear congressional directive embodied in the 'second or successive' provisions of § 2255" (citation omitted)).[2]

Once the district court has adjudicated a defendant's first § 2255 motion, it lacks jurisdiction to hear any "second or successive" § 2255 motion without certification by a panel of the relevant court of appeals. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Harris*, 522 F. Supp. 2d at 203 (finding the certification requirement is jurisdictional). The Court may, "in the interest of justice," transfer Naranjo's motion to the D.C. Circuit for authorization to file a successive § 2255 motion. *See* 28 U.S.C. § 1631. However, the Court declines to do so in this case because Naranjo fails to meet the standards for certification. A petitioner seeking leave to file a successive § 2255 petition must show either (1) "new evidence . . . sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) "a

---

[2] Naranjo cannot seek *habeas* relief under 28 U.S.C. § 2241 because he has not shown relief under § 2255 is "inadequate or ineffective." 28 U.S.C. § 2255(e); *see Hernandez-Pauturi v. Bureau of Prisons*, 343 U.S. App. D.C. 51, 221 F.3d 196, 2000 WL 628223, at *1 (D.C. Cir. Aug. 25, 2000) (unpublished table decision) ("The § 2255 remedy is not inadequate or ineffective simply because § 2255 relief has already been denied. . . ." (citation omitted)).

new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). The defendant has shown neither.

Accordingly, the Motion to Vacate is dismissed. The defendant's motions for production of documents [ECF Nos. 598, 599] are denied as moot. The defendant's Motion to Hear and Rule on Motion to Vacate Judgment for Lack of Subject Matter Jurisdiction [ECF No. 601] is denied as moot. An appropriate Order accompanies this opinion.

October 24, 2014

                                              Thomas F. Hogan
                                        SENIOR UNITED STATES DISTRICT JUDGE