UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>vs. )<br>)<br>JOSE NARANJO, )<br>)<br>Defendant. )<br>) | Criminal Action No. 93-418-04 (TFH) |

## MEMORANDUM OPINION

Pending before the Court are Defendant Jose Naranjo's pro se Motion Under Rule 60(b); Alternatively 59(e) [ECF No. 611] ("Rule 60(b) Motion") and pro se Motion to Vacate Judgment of Conviction "Writ of Error" Under Title 28 U.S.C. § 1651(a), "The All Writs Act" [ECF No. 618] ("Motion to Vacate Judgment of Conviction"). As explained below, this Court finds that Naranjo is not entitled to relief under Rules 60(b) or 59(e) so his Rule 60(b) Motion will be denied. Naranjo's Motion to Vacate Judgment of Conviction will be dismissed without prejudice because this Court lacks jurisdiction over the motion.

In 1995, Naranjo was convicted of drug conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846 and sentenced to life in prison. The D.C. Circuit upheld his conviction and sentence on direct appeal. *United States v. Gaviria*, 116 F.3d 1498, 1530-35 (D.C. Cir. 1997), *cert. denied*, 522 U.S. 1082 (1998). In 1999, Naranjo filed a pro se motion for relief under 28 U.S.C. § 2255, asserting five claims: (1) his counsel failed to effectively evaluate the evidence against him; (2) his counsel was ineffective because he failed to hear or was prevented from listening to evidence against him; (3) the government withheld exculpatory evidence; (4) perjured testimony was presented during trial; and (5) the government violated 18 U.S.C. § 201(c) by wrongfully inducing witness testimony. *See* Mot.

to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 489]. This Court denied Naranjo's motion in its entirety and ordered that the motion be dismissed *with* prejudice. *See* Order Denying Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 526]. In 2000, the D.C. Circuit denied Naranjo's petition for a certificate of appealability because it found that he had "not made a substantial showing of the denial of a constitutional right." *United States v. Naranjo*, No. 00-3028, 2000 WL 11279301, at *1 (D.C. Cir. Aug. 16, 2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (1999)). The D.C. Circuit later denied Naranjo's motion for rehearing or alternatively to amend his § 2255 motion to include a new claim. *United States v. Naranjo*, 254 F.3d 311 (D.C. Cir. 2001) (per curiam), *cert. denied*, 534 U.S. 1033 (2001).

In August of 2013, Naranjo filed a "Motion to Vacate Judgment for Lack of Subject Matter Jurisdiction; Petition for Relief Under 28 U.S.C. § 2241; Alternative Petition for Writ of Error Coram Nobis; or Audit Querela or by Rule 60(b)" [ECF No. 600], seeking an order vacating his sentence and immediately releasing him from incarceration due to this Court's alleged failure to rule on a pretrial motion he filed in 1994. This Court construed that motion as a second or successive § 2255 petition and dismissed the motion for lack of jurisdiction because Naranjo had not received certification from the D.C. Circuit as required by 28 U.S.C. § 2244. *United States v. Naranjo*, Crim. Action No. 93-418-04 (TFH), 2014 WL 4251284 (D.D.C. Aug. 22, 2014), *opinion amended and superseded*, 2014 WL 5408414 (D.D.C. Nov. 3, 2014).

On October 31, 2014, Naranjo filed his Motion Under Rule 60(b); Alternatively 59(e) [ECF No. 611]. Naranjo asks this Court to reconsider its recharacterization of his Motion to Vacate Judgment for Lack of Subject Matter Jurisdiction as a second or successive § 2255 motion, arguing that the decision was in error because "according to Court records the original § 2255 motion was denied without prejudice." *Id.* at 1. Because the instant motion was not filed within 28 days of entry

of the judgment, Naranjo is not entitled to relief under Rule 59(e). Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). The only provisions of Rule 60 that could potentially entitle Naranjo to relief are subsections (b)(1) and (b)(6), which provide as follows: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Although this Court understands Naranjo's confusion regarding the disposition of his first § 2255 motion due to an incorrect statement on the docket sheet indicating that the motion was "dismissed without prejudice," as explained above, the motion was denied in its entirety and dismissed *with* prejudice. *See* Order Denying Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 526]. Accordingly, Naranjo's Motion to Vacate for Lack of Subject Matter Jurisdiction was properly recharacterized as a successive § 2255 motion over which this Court did not have jurisdiction. This Court finds that Naranjo's claim is without merit, and his Rule 60(b) Motion will therefore be denied.

On February 25, 2015, Naranjo filed a Motion to Vacate Judgment of Conviction "Writ of Error" Under Title 28 U.S.C. § 1651(a), "The All Writs Act" [ECF No. 618], arguing that his conviction was:

> (a) [in] violation of due process clause; (b) the judgment of conviction was never authorized under federal law; (c) the court lacked subject matter jurisdiction to prosecute and impose judgment of conviction; (d) the facts present an issue of **actual innocence** as to the charged offense(s) for which he was convicted; and (e) the conviction has had avers [sic] and long term effects to and upon the Petitioner present day legal situation.

*Id.* at 1. Although Naranjo does not label it as such, this Court construes the motion as a successive § 2255 petition. *See United States v. Tchibassa*, 762 F. Supp. 2d 3, 7 (D.D.C. 2011) ("Regardless of how a pro se prisoner styles his motion, a court must review the motion based on its substance.")

(quoting *United States v. Akers*, 519 F. Supp. 2d 94, 95 (D.D.C. 2007))). "[A]n attack on a prisoner's conviction or sentence is tantamount to a § 2255 motion." *Akers*, 519 F. Supp. 2d at 96. Once the district court has adjudicated a defendant's first § 2255 motion, it lacks jurisdiction to hear any "second or successive" § 2255 motion without certification by the court of appeals. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is fined in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). This Court may, "in the interest of justice," transfer Naranjo's motion to the D.C. Circuit to determine whether it will be allowed. *See* 28 U.S.C. § 1631. This Court declines to do so, however, because Naranjo fails to meet the standards for certification. A petitioner seeking leave to file a successive § 2255 must show either (1) "new evidence . . . sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Naranjo has shown neither.

For the foregoing reasons, the Court will deny Naranjo's Motion Under Rule 60(b); Alternatively 59(e) [ECF No. 611] and dismiss without prejudice Naranjo's Motion to Vacate Judgment of Conviction "Writ of Error" Under Title 28 U.S.C. § 1651(a), "The All Writs Act" [ECF No. 618].[1]

---

[1] Naranjo may file a request for permission to file a successive § 2255 motion with the United States Court of Appeals for the D.C. Circuit without authorization from this Court.

An appropriate order will accompany this memorandum opinion.

June 8th, 2015

                                                 Thomas F. Hogan
                                       SENIOR UNITED STATES DISTRICT JUDGE

cc:    Jose Naranjo
        Reg. No. 21431-053
        FCI Coleman II
        P.O. Box 1034
        Coleman, FL 33521