
FILED
JUN 10 2019
Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSE NARANJO,
    Petitioner,

Vs.                      USDC No. 93-cr-00418-4 (TFH)

UNITED STATES OF AMERICA,
    Respondent.

## PETITION FOR REDUCTION OF SENTENCE/COMPASSIONATE RELEASE

Comes Now, the Petitioner, **Jose Naranjo,** pro se, and respectfully moves this Honorable Court for a reduction of sentence under the First Step Act of 2018 provision that went into effect on December 21, 2018. Pursuant to **18 U.S.C. § 3582(c)(1)(B)** Petitioner Mr. Naranjo submits the following in support thereof:

### I.

### JURISDICTION

This Court has jurisdiction pursuant to 18 U.S.C. § 3582(c)(1)(B) and the First Step Act of 2018, signed into law December 21, 2018, which makes changes related to inmate requests for reduction in sentence/compassionate release.

The First Step Act provides inmates sentenced under the sentenced under the sentencing reform Act of 1984 ("New Law" inmates) with the right to bring a motion requesting a reduction in sentence with the relevant sentencing court, following the earlier of: (a) **the denial of the request and the exhaustion of all administrative appeals,** in this case receiving a denial from the Office of General Counsel; or (b) the lapse of 30 days from the receipt of the request by the Warden. (Exhibit "Ex" A).

RECEIVED
Mail Room
JUN - 7 2019
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Foe which this Honorable Court has jurisdiction to hear and rule in this matter at this time.

## II.

### STATEMENT OF FACTS

Petitioner has been submitting for compassionate release since October 2014 mainly due to old age and the fact that he has been serving his incarceration since February 1979, which started in New York district (i.e. No. 6:78-00046-01; 79-CR-257(S-1); also, unrelated case(s) from North Carolina 82-204-01; CR-83-16-07-G; and, 93-CR-000418 from this Honorable Court), which clearly qualified me for compassionate release because it cannot be said that Mr. Naranjo was released from incarceration and then a superceding indictment brought him back to do more time.[1] However, it has constantly been denied until present day.

Under 18 U.S.C. § 3584(c) "**treatment of multiple sentence**" **as an aggragate:**

> Multiple terms of imprisonment ordered to run consecutively or concurrenttly shall be treated for administrative purposes as a single, aggregate term of imprisonment.

Which clearly demonstrate that the Federal Bureau of Prisons (FBOP) at Coleman USP#II are doing by not following the statute that clearly state otherwise. Because counselor in the past since 2014 are counting his incarceration for purposes of compassionate release request (which constitutes an administrative process) from the year 2/14/2002 the date he started to serve the last consecutive sentence, however, he has served a total of 40 years already is 74 years-old and has his wife incapacitated with no-one to care for her. Under the First Step

Act qualifies him for consideration for relief. Since the administration at this facility refuses to abide by the statute Petitioner Mr. Naranjo asks that this Honorable Court intervene on his behalf. Furthermore, on april 15, 2019 , Mr. Najanjo again submitted a request for compassionate release under the First Step Act until this date no response. Mr. Naranjo has his wife Gloria very sick and no-one to care for her and she needs her husband's help. Mr. Naranjo believes that there exists extraordinary or compelling reasons as to why he should be considered for the First Step Act compassionate release.

(1) He is 74 years old, with no history of violence associated with his crime;

(2) He was sentenced to life [not] death and the law changed concerning people sentenced to life to serve 25 years total he has served 40 years of his time;

(3) He has been continously incarcerated since 1979 on different federal convictions;

4) Mr. Naranjo has been sentenced for a drug (cocaine), of which the public perception has changed and the guidelines have changed in 2014 its base levels which granted reductions, under 784amendment that changed drug sentencing Table §2D1.1 for all drugs, and Eric Holder's memorandum to U.S. Attorneys across the country not to seek enhancements or life sentences to people charged with drugs like Mr. Naranjo, and the First Step Act reinforces that perception; no other changes or Supreme Court decisions have benefitted Mr. Naranjo. Not Alleyne, Apprendi, Booker, Jonhson, Dimaya, supra, have given Mr.Naranjo any break or a

second chance in life. The First Step Act gives Mr. Naranjo a second chance to seek relief and to have a new life with his wife after so long incarcerated and allow for him to care for her in her time of need;

5) Mr. Naranjo have [not] benefitted from any of the changes to the cocaine law, and the new drug guidelines; specifically, has not benefitted from any of the changes to Apprendi law and its predecessors like Alleyne that changed the law of sentencing, nor any law such the Smart Sentencing Act, and its new guideline that has been implemented;

One factor that the Court is asked to give consideration is the fact that Mr. Naranjo "requests based on non-medical circumstances-incapacitation of a spouse or registered partner" which is a non-medical conditions but is a critical medical condition that involves his "spouse" incapacitation at this time. (EX. B).

Petitioner Mr. Naranjo has filed his latest over 30 days ago (i.e. April 15 , 2019), and in the past filed appeals, to no avail.

---

1] These criteria are different from those provided in 18 U.S.C. 3582(c)(1)(a)(ii), which states that a court, upon motion of BOP Director, may reduce a sentence termif it finds that "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g).

2] Naranjo during his incarceration has participated in several rehabilitative programs that demonstrate a willingness to rehabilitate or of rehabilitation.

WHEREFORE, upon good cause shown, Petitioner prays that this Honorable Court grant relief and through compassionate release under the First Step Act allow for his release from incarceration; any and all relief it deems just and proper.

Respectfully Submitted,

*Jose Naranjo*
Jose Naranjo #21431053
FCC COLEMAN USP#II
P.O. BOX 1034
Coleman, Fl 33521

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to: THE OFFICE OF THE UNITED STATES ATTORNEY, 555 Fourth St., N.W., Washington, DC 20530, by U.S. mail on this 3 day of JUNE 2019.

*Jose Naranjo*
Jose Naranjo-Pro se.

- 5 -