**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **No. 1:93-cr-00418-TFH-4** |
| | : | **Judge Thomas F. Hogan** |
| **JOSE NARANJO,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S SUPPLEMENTAL MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)(i)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this Opposition to defendant's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i) (ECF #635). The defendant asks the Court to reduce his sentence to time-served and argues that he meets the "extraordinary and compelling" requirement of the statute since his wife is chronically infirmed and he is her only potential caregiver. The government opposes the defendant's motion because 30 days have not passed since the Warden of the defendant's facility received the defendant's request, as required by statute. Therefore, the defendant's motion is not properly before the Court and it should summarily deny the defendant's motion.

## BACKGROUND

On February 3, 1994, a superseding Indictment was filed against the defendant, charging him with Conspiracy to Distribute and Possess With Intent to Distribute 5 Kilograms or More of Cocaine Base, 21 U.S.C. § 846, and Criminal Forfeiture, 21 U.S.C. § 853 (ECF #54). Although the defendant was incarcerated at the time, he continued to run his drug operation from behind

bars.[1] While incarcerated, he managed and directed his wife's actions of buying and selling cocaine, directed people to establish a cocaine pipeline between Colombia and Washington, D.C., recruited cocaine distributors, and sought investors to finance the cocaine operation (PSR ¶¶ 12-64).

Because of the defendant's illegal activities, he was convicted on April 28, 1995 of Conspiracy to Distribute and Possess with Intent to Distribute 5 Kilograms or More of Cocaine Base. He was sentenced to a life term and 10 years' supervised release because he had two prior convictions for felony drug offenses (ECF #377). On February 15, 2020, the defendant filed his supplemental motion, asking the Court to reduce his sentence to time-served (ECF #635). The defendant argues that: (1) his request is properly before the Court as he submitted his compassionate release request to the Warden where he is currently incarcerated on April 15, 2019 and more than 30 days have passed since the Warden received the request; (2) he meets the "extraordinary and compelling" standard under 18 U.S.C. § 3582(c)(1)(A)(i) since his wife is chronically infirmed and he is her only potential caregiver; and (3) such a request is consistent with applicable policy statements issued by the Sentencing Commission. Although the defendant claimed that he submitted his compassionate release request to the Warden on April 15, 2019, in fact, he did not. Rather, he submitted it for the first time on April 8, 2020. For the reasons discussed herein, the Court should summarily deny defendant's motion.

**ARGUMENT**

Section 3582(c)(1)(A), as amended by the First Step Act of 2018, requires that a request for compassionate release be presented first to the Bureau of Prisons ("BOP") for its consideration;

[1] At the time of the offense in this case, the defendant was serving a 26-year sentence after he was convicted of Conspiracy to Import Cocaine into the United States. While serving time at the Federal Correctional Institution at Otisville, New York for two previous drug offenses, the defendant negotiated the importation and sale of over 650 pounds of cocaine. *See* 83-cr-0016-07.

only after 30 days have passed, or the defendant has exhausted all administrative rights to appeal BOP's failure to move on the defendant's behalf, may a defendant move for compassionate release in court. The Court should deny the defendant's motion as it is not properly before the Court because 30 days have not passed since the Warden of the defendant's facility received the defendant's request, as required by § 3582(c) when seeking compassionate release. The statute specifies that:

> The court may not modify a term of imprisonment once it has been imposed except that-- **(1)** in any case-- **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or *the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility*, whichever is earlier, may reduce the term of imprisonment [in specific circumstances].

§ 3582(c) (emphasis added).

The requirement that a defendant either exhaust administrative appeals or wait 30 days after presenting a request to the Warden before seeking judicial relief is mandatory and must be enforced by the Court. The Third Circuit recently confirmed: where 30 days have not passed following presentation of a request to a warden, the statute "presents a glaring roadblock foreclosing compassionate release at this point." *United States v. Raia*, -- F.3d --, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020); *see also United States v. Gileno*, No. 3:19-CR-161-(VAB)-1, 2020 WL 1307108, at *3 (D. Conn. Mar. 19, 2020) (holding that the Court could not consider the defendant's motion to modify his sentence because he had not "satisfied the requirement under 18 U.S.C. § 3582(c)(1)(A) to first request that BOP file a motion on his behalf and then show that thirty days have passed without any BOP action").

The defendant argues that this motion is properly before the Court because he fulfilled the statutory required 30-day period. Def. Mot. at 7. He claims that he submitted a Request for Compassionate Release Under the First Step Act to the Warden of his BOP facility on April 15, 2019, that BOP has not officially responded or denied his request, and that he filed his compassionate release motion with the Court on June 3, 2019, which was more than 30 days after he submitted his reduction in sentence request to BOP. *Id*. As proof, he submitted to the Court his request dated April 15, 2019 (ECF #626-2).

However, upon further review, the defendant submitted an *unsigned* compassionate release request form. *See id*. at 2. The compassionate release request form allegedly submitted to the Warden was not signed. To determine whether the defendant submitted his request to his facility's Warden as claimed and as required by law, the government contacted the defendant's case manager, Amy Ruiz. Ms. Ruiz sent the government the defendant's submitted reduction in sentence request, which is dated April 8, 2020. *See* Gov't Ex. A. As shown by the government's Exhibit A, the defendant did not actually submit his request form to the Warden until April 8, 2020.

The statutorily mandated 30-day period is important and cannot be excused. While Congress indisputably acted in the First Step Act to expand the availability of compassionate release, it expressly imposed on inmates the requirement of initial resort to administrative remedies. And this is for good reason: BOP conducts an extensive assessment for such requests. *See* 28 C.F.R. § 571.62(a); BOP Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf. As the Procedures reflect, BOP completes a diligent and thorough review, with considerable expertise concerning both the inmate and the conditions of confinement. Its assessment will always be of value to the parties and the

Court. However, the defendant has not given BOP the opportunity to assess whether the defendant should be released. As the defendant has not waited the statutorily required 30 days, the defendant's motion is not properly before the Court. Therefore, the Court should summarily deny defendant's motion.

**CONCLUSION**

For the reasons discussed herein, the defendant's motion should be summarily denied.

Respectfully submitted,

TIMOTHY J. SHEA
United States Attorney
D.C. Bar No. 437-437

T. ANTHONY QUINN
Deputy Chief, Special Proceedings Division
D.C. Bar No. 415-213

/s/ Jared English
JARED ENGLISH
Assistant United States Attorney
D.C. Bar No. 1023-926
Special Proceedings Division
555 4th St., N.W.
Washington, D.C. 20530
Jared.English@usdoj.gov

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that I have caused a copy of the foregoing response to be served by electronic means, through the Court's CM/ECF system, upon counsel for defendant, Celia Goetzl, Esq., Assistant Federal Public Defender, 625 Indiana Avenue, NW, Suite 550, Washington D.C. 20004, on this 13 day of April, 2019.

/s/ Jared English
JARED ENGLISH
Assistant United States Attorney